UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MEGAN HOLVE,
*individually and on behalf of all others similarly situated*,

                                        Plaintiff,

                                                                                                            Case # 16-CV-6702-FPG
v.                                                                                     DECISION AND ORDER

McCORMICK & COMPANY, INC.,

                                        Defendant.

## INTRODUCTION

On October 27, 2016, Plaintiff brought this putative class action alleging that Defendant McCormick & Company, Inc., deceptively marketed certain food products as "natural." ECF No. 1. On January 9, 2017, Defendant moved to dismiss the complaint or stay the case pending the promulgation of standards from the United States Department of Agriculture ("USDA") regarding the labeling of bioengineered foods, and guidance from the Food and Drug Administration ("FDA") regarding what types of foods may be labeled as "natural." ECF No. 8. On August 14, 2018, this Court granted the motion in part and denied it in part. ECF No. 17. The Court stayed the surviving claims until February 1, 2019, at which point the parties were to file a joint status report with any material updates on the FDA and the USDA rulemaking processes and the parties' positions on lifting the stay. ECF No. 17 at 35.

The parties have since filed two status reports, one on February 1, 2019, and one on January 15, 2020. ECF Nos. 18, 24. These status reports indicate that, while there has been some action in the USDA rulemaking process regarding bioengineered foods, there is still no definition from

the FDA on the term "natural," and it is not clear when definitive guidance will issue.  Accordingly, the Court determines that the stay should be lifted, and this case should proceed.

## DISCUSSION

The Court previously stayed this case based on the primary jurisdiction doctrine, which "is concerned with promoting the proper relationships between the courts and administrative agencies charged with particular regulatory duties."  *Petrosino v. Stearn's Prods., Inc.*, No. 16-CV-7735 (NSR), 2018 WL 1614349, at *6 (S.D.N.Y. Mar. 30, 2018) (citations and internal quotation marks omitted).  In applying that doctrine, the Court considered the factors set forth in *Ellis v. Tribune Television Co.*, 443 F.3d 71 (2d Cir. 2006):

> (1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) whether the question at issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent rulings; and (4) whether a prior application to the agency has been made.

*Ellis*, 443 F.3d at 82-83.  Additionally, the Court "balance[d] the advantages of applying the doctrine against the potential costs resulting from complications and delay in the administrative proceedings."  *Id*. at 83 (citing *Nat'l Commc'ns Ass'n, Inc. v. AT&T Co.*, 46 F.3d 220, 222 (2d Cir. 1995)).  The Court noted that several other district courts in this Circuit had granted stays pending the FDA's "natural" food labeling process.  *See, e.g.*, *Scholder v. Riviana Foods Inc.*, No. 16-cv-6002(ADS)(AKT), 2017 WL 2773586, at *2-3 (E.D.N.Y. June 23, 2017) (concerning the use of the term "all natural" on the labeling for dry pasta); *In re Kind LLC "Healthy & All Natural" Litig.*, 209 F. Supp. 3d 689, 692 (S.D.N.Y. 2016) ("*Kind I*")*; In re Kind LLC "Healthy & All Natural" Litig.*, 287 F. Supp. 3d 457, 462 (S.D.N.Y. 2018) ("*Kind II*") (concerning the use of descriptors such as "healthy," "all natural," and "non GMO" on product labels).  This Court found

the *Scholder* and *Kind* courts' applications of the *Ellis* factors to be persuasive and joined them in granting a stay. ECF No. 17 at 34.

However, the Court also indicated that an indefinite stay would be imprudent. *Id*. Accordingly, the Court stayed the case for approximately six months, from August 14, 2018 to February 1, 2019. *Id.*

It has now been over two years since the Court granted the stay and nearly four years since this action begun. The parties have submitted two status reports between February 1, 2019 and now, and there is no indication that guidance from the FDA and USDA on the term "natural" is forthcoming.

In the absence of imminent guidance, some courts have recently lifted or denied stays of similar cases. *See, e.g.*, *In re Kind LLC "Healthy and All Natural" Litig.*, Nos. 15-MD-2645 & 15-MC-2645, 2019 WL 542834, at *2- 4 (S.D.N.Y. Feb. 11, 2019*) (*Kind III*) (lifting stay, but noting that courts are split on whether to do so); *Silva v. Hornell Brewing Co.*, No. 20-CV-756 (ARR) (PL), 2020 WL 4586394, at *3 (E.D.N.Y. Aug. 10, 2020) (denying stay and explaining that it has been five years since the FDA undertook consideration of the "natural" issue and "there is no reason to think the agency is going to be addressing this issue in the near future").

"The decision to continue or lift a stay is a matter within this Court's discretion." *Kind III*, 2019 WL 542834 at *2. Although the Court "must keep in mind the factors it discussed in ordering the stay in the first place," *id.* at *3, the Court cannot stay this case indefinitely. While courts are split as to whether to lift or continue similar stays, *see id.*, in light of the length of time that this case has been pending without any light at the end of the tunnel in terms of guidance from the FDA, the Court concludes that it is within its discretion to lift the stay.

## CONCLUSION

For the foregoing reasons, the stay in this case is lifted. The parties shall file a joint, agreed status report by October 22, 2020 indicating the next steps to be taken in this case. If any pre-discovery motions are to be filed, the parties shall identify them and submit a proposed briefing schedule. Otherwise, the Court will refer this case to a magistrate judge to proceed with discovery.

IT IS SO ORDERED.

Dated: October 9, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court