Execution Copy

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
(ROCHESTER DIVISION)**

| | |
|---|---|
| MEGAN HOLVE, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>    – against –<br><br>MCCORMICK & COMPANY, INC.,<br><br>    Defendant. | Civil Action No. 6:16-cv-06702-FPG |

**CLASS SETTLEMENT AGREEMENT**

Execution Copy

# TABLE OF CONTENTS

Page

I.      RECITALS                                                                          1

II.     DEFINITIONS                                                                      9

III.    CERTIFICATION OF THE SETTLEMENT CLASS AND PRELIMINARY
        APPROVAL                                                                        16

IV.     SETTLEMENT CONSIDERATION AND BENEFITS                                           17

        4.1   Settlement Fund                                                           17
        4.2   Eligibility and Process for Obtaining a Cash Payment                      19
        4.3   Distribution to Authorized Settlement Class Members                       23
        4.4   Excess or Insufficient Funds in the Settlement Fund                       23
        4.5   Injunctive Relief: Modification of Defendant's Products' Labels and
              Website                                                                   24

V.      NOTICE TO CLASS AND ADMINISTRATION OF PROPOSED
        SETTLEMENT                                                                      26

VI.     OBJECTIONS AND REQUESTS FOR EXCLUSION                                           32

VII.    RELEASES                                                                        36

VIII.   ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE
        INCENTIVE AWARDS                                                                37

IX.     NO ADMISSION OF LIABILITY                                                       38

X.      TERMINATION OF SETTLEMENT                                                       39

XI.     ADDITIONAL PROVISIONS                                                           40

Execution Copy

## **TABLE OF EXHIBITS**

Exhibit A:     Claim Form

Exhibit B:     Class Notice or Long Form Notice

Exhibit C:     Notice Plan, Affidavit of Steven Weisbrot With Respect to Settlement Notice Plan

Exhibit D:     McCormick's Products

Execution Copy

## CLASS SETTLEMENT AGREEMENT

This Class Settlement Agreement is entered into this 5th day of May, 2021 by and between Plaintiff Megan Holve ("Plaintiff"), on behalf of herself and each of the Settlement Class Members, on the one hand, and McCormick & Company, Inc. ("McCormick" or "Defendant"), on the other hand (collectively, Plaintiff and Defendant are the "Parties"). The Parties intend for the Class Settlement Agreement to fully, finally, and forever resolve, discharge, and settle all released rights and claims, subject to the terms and conditions set forth herein.

## I.    RECITALS

**1.1**    A putative class action was filed by Plaintiff against Defendant on October 27, 2016 challenging the labeling, marketing, and advertising of certain of McCormick's Products. (ECF No. 1). Plaintiff alleges that certain of McCormick's Products are inaccurately and deceptively labeled as "natural." The action alleges the following causes of action: (1) unlawful and deceptive business practices in violation of Maryland's consumer protection law codified at Maryland Commercial Code §13-301; (2) violation of unjust enrichment under Maryland law; (3) unlawful and deceptive business practices in violation of New York General Business Law section 349 ("GBL § 349"); (4) false advertising in the conduct of business in violation of New York General Business Law section 350 ("GBL § 350"); and (5) unjust enrichment, all in connection with the composition of certain of McCormick's products whose labels contained one or more of the terms "natural" and that contained ingredients that purportedly made the "natural" claim deceptive or misleading.

Execution Copy

**1.2**    On January 9, 2017, Defendant filed a FRCP 12(b)(6) Motion to Dismiss Plaintiff's Complaint (ECF No. 8).  Plaintiff filed an opposition on February 10, 2017 (ECF No. 10), and Defendant filed a reply on February 27, 2017 (ECF No. 11).

**1.3**    On August 14, 2018, the Court issued an order denying in part, and granting in part, Defendant's Motion to Dismiss. See ECF No. 17.  Specifically, the Court allowed for claims brought on behalf of the absent class members under GBL §§ 349-50, MCC § 13-301, and Maryland common law to proceed.  However, in the same order, the Court stayed the matter until February 1, 2019 to see whether or not the Food and Drug Administration ("FDA") would issue any rules or regulations with respect to use of the term "natural" on food products.

**1.4**    On February 1, 2019, a joint status report was filed by the Parties informing the Court that the FDA had not issued any rulemaking in the area. (ECF No. 18).

**1.5**    On November 6, 2019, the Court issued a text order asking for a status report by January 15, 2020. (ECF No. 22).

**1.6**    On January 15, 2020, the Parties filed a joint status report informing the Court that the FDA had not issued any rulemaking in the area.  (ECF No. 24).

**1.7**    On October 9, 2020, the Court lifted the stay and ordered the Parties to file a joint status report by October 22, 2020. (ECF No. 25).

**1.8**    On October 21, 2020, the Parties filed a joint status report.

**1.9**    On November 25, 2020, the Court set a scheduling conference for December 29, 2020. (ECF No. 30).   The scheduling conference subsequently was rescheduled for January 13, 2021.

Execution Copy

1.10    On January 13, 2021, the Honorable Mark W. Pedersen held a scheduling conference. (ECF No. 38) On January 14, 2021, Judge Pedersen entered a scheduling order. (ECF No. 39).  As part of the scheduling order, Judge Pedersen ordered that mediation occur by April 7, 2021.

1.11    On March 9, 2021, a full day mediation session was held by the Honorable Arthur J. Boylan (Ret.).  The mediation session resulted in a settlement.

1.12    On March 10, 2021, the Parties alerted the Court that the matter had settled and respectfully requested the case management schedule be adjourned while the Parties prepared the settlement agreement and motion for preliminary approval to present to the Court. (ECF No. 42).

1.13    On March 11, 2021, the Court granted the stay request and gave the Parties until May 7, 2021 to file a status report.  (ECF No. 43).

1.14    Before entering into this Settlement Agreement, Class Counsel conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims, potential claims, and potential defenses asserted in this Action.  As part of that investigation, as well as through formal discovery, Class Counsel obtained documents and extensive information from Defendant through confidential, informal and formal discovery, including information concerning marketing, label design, product formulation, sales, and pricing.

1.15    This Agreement is the product of extensive, arms-length, and vigorously contested motion practice through seasoned counsel, settlement negotiations and an exchange of information, including both informal and formal discovery.    This Agreement was only achieved with the assistance of an esteemed neutral mediator – the Honorable Arthur J. Boylan (Ret.) – who conducted a full day mediation session with the Parties.  This Settlement Agreement was

Execution Copy

reached as a result of these hard-fought negotiations, including multiple post-mediation negotiation sessions to finalize the terms of the settlement.

1.16    The Action has not been certified as a class action.  Subject to the approval of the Court, the Parties agree that a class may be conditionally certified for purposes of this Settlement.  Defendant agrees to class-action treatment of the claims alleged in this Action solely for the purpose of compromising and settling those claims on a class basis as set forth herein.

1.17    Plaintiff, as the proposed Settlement Class representative, believes the claims settled herein have merit.  Plaintiff and her counsel recognize, however, the litigation risk involved, including the expense and length of continued proceedings necessary to prosecute the claims through trial and appeal, and have taken into account those factors, as well as the litigation's inherent difficulties and delays.  They believe the settlement set forth in this Agreement confers substantial benefits upon the Settlement Class Members.  They have evaluated the settlement set forth in this Agreement and have determined it as fair, reasonable, and adequate to resolve their grievances, and in the best interest of the Settlement Class.

1.18    Defendant has denied, and continues to deny, that its marketing, advertising, and/or labeling of the Products is false, deceptive, or misleading to consumers or violates any legal requirement.  Defendant's willingness to resolve the Action on the terms and conditions embodied in this Agreement is based on, *inter alia*:  (i) the time and expense associated with litigating this Action through trial and any appeals; (ii) the benefits of resolving the Action, including limiting further expense, inconvenience, and distraction, disposing of burdensome litigation, and permitting Defendant to conduct its business unhampered by the distractions of continued litigation; and (iii) the uncertainty and risk inherent in any litigation, regardless of legal merit.

Execution Copy

**1.19**     This Agreement, any negotiations, proceedings, or documents related to this Agreement, its implementation, or its judicial approval cannot be asserted or used by any person to support a contention that class certification is proper or that liability does or does not exist, or for any other reason, in the above-captioned action or in any other proceedings, *provided*, *however*, that Settlement Class Members, Class Counsel, Defendant, other related persons, and any person or entity that is a beneficiary of a release set forth herein, may reference and file this Agreement, and any resulting Order or Judgment, with the Court, or any other tribunal or proceeding, in connection with the implementation or enforcement of its terms (including but not limited to the releases granted therein or any dispute related thereto).

**THEREFORE**, in consideration of the mutual promises and covenants contained herein and of the releases and dismissals of claims described below, the Parties agree to this Settlement, subject to the Final Approval of the Court, upon the following terms and conditions set forth in this Class Settlement Agreement.

Execution Copy

## II.    DEFINITIONS

**2.1**    "Action" means the lawsuit styled as *Holve v. McCormick & Company, Inc.*, 6:16-cv-06702-FPG (W.D.N.Y.).

**2.2**    "Agreement" or "Settlement" or "Settlement Agreement" means this Class Settlement Agreement and its exhibits, attached hereto or incorporated herein, including any subsequent amendments agreed to by the Parties and any exhibits to such amendments.

**2.3**    "Attorneys' Fees and Expenses" means such funds as the Court may award to Class Counsel, from the Settlement Fund, to compensate Class Counsel for the fees and expenses they have incurred or will incur in connection with this Action and Settlement, as described in Section VIII of this Agreement.  Attorneys' Fees and Expenses do not include any costs or expenses associated with the Class Notice or administration of the Settlement.

**2.4**    "Claim Form" means the document to be submitted (by mail or online) by Claimants seeking payment pursuant to Section 4.2 of this Class Settlement Agreement.  A link to the Claim Form will accompany the Class Notice and will be available online at the Settlement Website, substantially in the form of Exhibit A to this Class Settlement Agreement.

**2.5**    "Claim Period" means the time period during which Settlement Class Members may submit a Claim Form to the Settlement Administrator for review.  The Claim Period shall run for a period of time ordered by the Court, and last at least ninety (90) calendar days from the date Final Approval of the Settlement is granted by the Court.

**2.6**    "Claimant" means a Settlement Class Member who submits a claim for payment as described in Section 4.2 of this Class Settlement Agreement.

**2.7**    "Class Action Settlement Administrator," "Settlement Administrator," or "Notice Administrator" means Angeion Group - the company jointly selected by Class Counsel and

Execution Copy

Defendant's Counsel and approved by the Court to provide Class Notice and to administer the claims process.

2.8    "Class Counsel" means REESE LLP, 100 West 93rd Street, 16th Floor, New York, New York 10025 and EGGNATZ PASCUCCI, P.A., 7450 Griffin Road, Suite 230, Davie, Florida 33314.

2.9    "Class Notice" or "Long-Form Notice" means the legal notice of the proposed Settlement terms, as approved by Defendant's Counsel and Class Counsel, subject to approval by the Court, to be provided to potential members of the Settlement Class pursuant to Section 5.2 below. The Class Notice shall be substantially in the form attached hereto as Exhibit B. Any changes to the Class Notice from Exhibit B must be jointly approved by Class Counsel and Defendant's Counsel.

2.10    "Class Period" means the period from January 1, 2013, up to and including the date of the Court's Preliminary Approval Order.

2.11    "Court" means the United States District Court for the Western District of New York.

2.12    "Effective Date" means:

(a)    if no appeal is taken from the Order and Final Judgment, thirty-five (35) days after the Court enters the Order and Final Judgment of this Class Settlement Agreement; or

(b)    if an appeal is taken from the Order and Final Judgment, the date on which all appellate rights (including petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for certiorari or any other form of review, and proceedings in the United States Supreme Court or any other appellate court) have expired, been exhausted, or been finally disposed of in a manner that affirms the Order and Final Judgment.

Execution Copy

**2.13**    "Final Approval" of this Class Settlement Agreement means the date that Judgment is entered in this Action approving this Class Settlement Agreement.

**2.14**    "Final Claim Amount" means the amount a Settlement Class Member shall receive as a cash payment after submission of a Claim Form that is timely, valid, and approved by the Settlement Administrator.  The value of the Final Claim Amount shall be on the basis of the Initial Claim Amount as described in Section 4.2, subject to *pro rata* increase or decrease, depending on the value of all approved Claims submitted, pursuant to Section 4.4.

**2.15**    "Fund Institution" means a third-party banking institution where the cash funds Defendant will pay under the terms of this Agreement will be deposited into an interest-bearing Qualified Settlement Fund account, specifically, the Settlement Fund, as defined herein. Pursuant to Section 4.1, Class Counsel will select the Fund Institution, and Defendant will approve it.

**2.16**    "Incentive Award" means the amount the named plaintiff Megan Holve will petition the Court to receive for her service as class representatives, pursuant to Section 8.5.

**2.17**    "Initial Claim Amount" means the amount a Settlement Class Member claims as a cash payment on a Claim Form that is timely, valid, and approved by the Settlement Administrator.  The value basis of the Initial Claim Amount is described in Section 4.2.  The Initial Claim Amount is subject to *pro rata* increase or decrease, depending on the value of all approved Claims submitted, pursuant to Section 4.4.

**2.18**    "Notice Plan" means the plan for publication of Class Notice developed by the Settlement Claim Administrator, attached hereto as Exhibit C, Affidavit of Steven Weisbrot With Respect to Settlement Notice Plan.

Execution Copy

**2.19**   "Order and Final Judgment" means the final order to be entered by the Court approving the Settlement pursuant to the terms and conditions of this Agreement, dismissing the Action with prejudice, releasing claims, and otherwise directing as the Court or the Parties deem necessary and appropriate to effectuate the terms and conditions of this Agreement.

**2.20**   Plaintiff's Counsel means REESE LLP, 100 West 93rd Street, 16th Floor, New York, New York 10025 and EGGNATZ PASCUCCI, P.A., 7450 Griffin Road, Suite 230, Davie, Florida 33314.

**2.21**   "Preliminary Approval" means the order preliminarily approving the Class Settlement Agreement, preliminarily certifying the Settlement Class, approving the Notice of Proposed Settlement, and issuing any necessary related orders.

**2.22**   "Qualified Settlement Fund" means the type of fund, account, or trust, created pursuant to 26 C.F.R. § 1.468B-1, that the Fund Institution will establish to receive payments under this Agreement.

**2.23**   "Released Claims" means any claim, cross-claim, liability, right, demand, suit, matter, obligation, damage, restitution, disgorgement, loss or cost, attorney's fee or expense, action, or cause of every kind and description that Plaintiff, the Settlement Class or any member thereof had or have, including assigned claims, whether in arbitration, administrative, or judicial proceedings, whether as individual claims, claims asserted on a class basis or on behalf of the general public, whether known or unknown, asserted or unasserted, suspected or unsuspected, latent or patent, that is, has been, could reasonably have been, or in the future might reasonably be asserted by Plaintiff or members of the Settlement Class either in the Action or in any action or proceeding in this Court or in any other court or forum, regardless of legal theory or the law under which such action may be brought, and regardless of the type or amount of relief or

Execution Copy

damages claimed, against any of the Released Persons, arising out of or relating to the allegations in the Action or Defendant's labeling, marketing, and advertising of the released Products as alleged in the Action.  This includes, *inter alia*, and for the avoidance of doubt, all such claims that relate in any way to statements that are contained on the Products or otherwise relate to the advertising, labeling, or marketing of the Products as "natural."  The term "Released Claims" includes only those claims that arise out of or relate to the allegations in the Action or Defendant's labeling, marketing, and advertising of the released Products; "Released Claims" do not include release of any claims for personal injury.  With respect to any and all Released Claims, the Parties stipulate and agree that, by operation of the Order and Final Judgment, upon the Effective Date, the releasing person(s) shall have expressly waived the provisions, rights and benefits of Cal. Civ. Code § 1542 or any federal, state or foreign law, rule, regulation, or common-law doctrine that is similar, comparable, equivalent or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

    **2.24**    "Released Persons" means and includes Defendant and each of its affiliated entities, subsidiaries, predecessors, and successors, suppliers, distributors, retailers, customers, and assigns, including the present and former directors, officers, employees, shareholders, agents, insurers, partners, privies, representatives, attorneys, accountants, and all persons acting by, through, under the direction of, or in concert with them.

Execution Copy

**2.25**    "Released Products" or "Products" means the McCormick Products identified on Exhibit D of this Settlement Agreement, and that are included within the Settlement Class definition and the Released Claims.

**2.26**    "Residual Fund" and/or "Residual Funds" means the value of funds remaining in the Settlement Fund, less all Claimants' Initial Claim Amounts; less Class Notice and administration costs; and less all Attorneys' Fees and Expenses and Incentive Awards pursuant to Court Order or otherwise specified in this Agreement.

**2.27**    "Settlement Class" or "Settlement Class Member" means all persons and entities who, during the Class Period, both resided in the United States, including, but not limited to its territories, and purchased in the United States any of the Defendant Products for their household use or personal consumption and not for resale.  Excluded from the Settlement Class are: (a) Defendant's board members or executive-level officers, including its attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

**2.28**    "Settlement Fund" means the common fund valued at Three Million Dollars and No Cents ($3,000,000.00) that Defendant will pay in cash to the Settlement Fund to be used to pay Settlement Class Members who submit valid and timely Claim Forms, pursuant to Section 4.2.  The Settlement Fund will also be used to pay for any award of Attorneys' Fees and Expenses that the Court orders, any Class Notice and administration costs, Incentive Awards, and other costs pursuant to the terms of Section 4.1(a) of this Agreement. All Settlement Class Member benefits shall be paid from the common Settlement Fund.

Execution Copy

**2.29**    "Settlement Hearing(s)" means the hearing the Court will hold to consider and determine whether it should approve the proposed settlement contained in this Class Settlement Agreement as fair, reasonable, and adequate, and whether it should enter Judgment approving the terms of the Class Settlement Agreement.  Settlement Hearings include both a "Preliminary Approval Hearing" and a "Final Approval Hearing" or "Fairness Hearing," to be held after preliminary approval is granted, as the Court so orders.

**2.30**    "Settlement Website" means the website to be created for this Settlement that will include information about the Action and the Settlement, relevant documents, and electronic and printable forms relating to the Settlement, including the Claim Form.  The Settlement Website shall be activated by the date of the first publication of the Summary Settlement Notice or Class Notice, whichever is earlier, and shall remain active until one hundred and twenty (120) calendar days after the Effective Date.

**2.31**    "Defendant's Counsel" means Hogan Lovells US LLP, 390 Madison Avenue, New York, New York 10017.

**2.32**    "Tally" or "Final Tally" means the calculation and report the Settlement Administrator shall provide to the Parties, which shall include the value, number, and type of timely, valid, and approved Claims.  The Final Tally shall also include the amount due to the Settlement Fund in cash that Settlement Class Members timely and validly claimed.  The Settlement Administrator shall give the Final Tally to the Parties no later than seven (7) calendar days after the close of the Claim Period.

Execution Copy

## III.   CERTIFICATION OF THE SETTLEMENT CLASS AND PRELIMINARY APPROVAL

**3.1**     For the purposes of settlement and the proceedings contemplated herein, the parties stipulate and agree that a nationwide Settlement Class should be certified.  Certification of the Settlement Class shall be for settlement purposes only and shall have no effect for any other purpose.

**3.2**     The certification of the Settlement Class shall be binding only with respect to this Class Settlement Agreement.  In the event that Final Approval does not occur for any reason, the Preliminary Approval, and all of its provisions, shall be vacated by its own terms, and this Action shall revert to its status that existed prior to the date of this Class Settlement Agreement.

**3.3**     As part of the settlement process, Defendant consents to Plaintiff's application to the Court for entry of an order which, among other things: (a) preliminarily certifies the Settlement Class in accordance with the definition set forth in Section 2.27 of this Class Settlement Agreement; (b) preliminarily approves this Agreement for purposes of issuing Class Notice; (c) approves the timing, content, and manner of the Class Notice and Summary Settlement Notice or Short Form Notice; (d) appoints the Settlement Administrator; (e) appoints REESE LLP and EGGNATZ PASCUCCI, P.A. as Class Counsel and Plaintiff Megan Holve as the named Class Representative; and (f) makes such orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement.

Execution Copy

## IV.    SETTLEMENT CONSIDERATION AND BENEFITS

The settlement relief includes three components to benefit the Settlement Class: (a) a common Settlement Fund from which Settlement Class Members who submit timely, valid, and approved claims will obtain refunds; (b) modifications to the Products' labeling; and (c) modifications to the Products' website.

### 4.1    Common Settlement Fund

(a)    **Settlement Fund.**  Defendant shall establish a common Settlement Fund in the amount of Three Million Dollars ($3,000,000.00).  Defendant shall pay all cash payments due per Section 4.1(b) by paying this amount into a Qualified Settlement Fund at the Fund Institution.  The Settlement Fund shall be administered pursuant to this Agreement and subject to the Court's continuing supervision and control.  The Settlement Fund shall be applied to pay in full and in the following order:

(i)    any necessary taxes and tax expenses;

(ii)    all costs and expenses associated with disseminating notice to the Settlement Class, including but not limited to, the Class Notice and Summary Settlement Notice;

(iii)    all costs and expenses associated with the administration of the Settlement, including but not limited to, processing claims and fees of the Class Action Settlement Administrator.

(iv)    any Attorneys' Fees and Expenses award made by the Court to Class Counsel pursuant to Section VIII of this Class Settlement Agreement;

(v)    any Incentive Award made by the Court to Plaintiff under Section 8.5 of this Class Settlement Agreement;

Execution Copy

(vi)     cash payments distributed to Settlement Class Members who have submitted timely, valid, and approved Claims pursuant to the Claims Process outlined in Section 4.2 and the Monetary Relief outlined in Section 4.3 of this Agreement; and

(vii)    the Residual Funds, if any, pursuant to Section 4.4 of this Agreement.

**(b)     Defendant's Funding of the Settlement Fund.**  Within ten (10) calendar days after the entry of the Preliminary Approval Order, Defendant shall fund the Settlement Fund by depositing Three Million Dollars and No Cents ($3,000,000) into the Settlement Fund account.  This ten-day deadline may be extended by mutual consent of the Parties.

**(c)**     Class Counsel must approve any payment of costs or expenses under Sections 4.1(a)(i), 4.1 (a)(ii), and 4.1(a)(iii).

**(d)**     In no circumstances shall Defendant's contribution to the Settlement Fund exceed Three Million Dollars ($3,000,000.00).  Thus, under this Settlement Agreement, the Parties agree that the Settlement Fund encompasses the full extent of Defendant's monetary payment due under this Agreement.  These payments, pursuant to the terms and conditions of this Agreement, and any other non-monetary obligations of and considerations due from Defendant set forth in this Agreement, will be in full satisfaction of all individual and class claims asserted in or that could have been asserted this Action.

**(e)**     Defendant and the Released Persons are not obligated (and will not be obligated) to compute, estimate, or pay any taxes on behalf of Plaintiff, Class Counsel, any Settlement Class Member, the Notice Administrator, or the Settlement Administrator.

**(f)**     All funds held by the Fund Institution shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until

Execution Copy

such time as such funds are either returned to Defendant pursuant to Section 10.2 of this Agreement or distributed pursuant to a plan of distribution approved by the Court or pursuant to other orders of the Court.

### 4.2  Eligibility and Process for Obtaining a Cash Payment

To be eligible for a cash payment, a Settlement Class Member must submit a timely and valid Claim Form, which will be evaluated by the Settlement Administrator.

(a)  **Claim Form Availability.**  The Claim Form shall be in a substantially similar form to that attached as Exhibit A.  The Claim Form will be: (i) included on the Settlement Website to be designed and administered by the Settlement Administrator; and (ii) made readily available from the Settlement Administrator, including by requesting a Claim Form from the Settlement Administrator by mail, e-mail, or calling a toll-free number provided by the Settlement Administrator.

(b) **Timely Claim Forms.**  Settlement Class Members must submit a timely Claim Form, which is one postmarked or submitted online before or on the last day of the Claim Period, the specific date of which will be prominently displayed on the Claim Form and Class Notice.  For a non-online Claim Form, the Claim Form will be deemed to have been submitted on the date of the postmark on the envelope or mailer.  For an online Claim Form and in all other cases, the Claim Form will be deemed to have been submitted on the date it is received by the Settlement Administrator.

(c) **Validity of Claim Forms.**  Settlement Class Members must submit a valid Claim Form, which must contain the Settlement Class Member's name and

Execution Copy

mailing address, type(s) and number of Products purchased, approximate date of purchase, and location(s) of purchase(s).  Claim Forms that do not meet the requirements set forth in this Agreement and in the Claim Form instructions may be rejected.  The Settlement Administrator will determine a Claim Form's validity.  Where a good faith basis exists, the Settlement Administrator may reject a Settlement Class Member's Claim Form for, among other reasons, the following:

1. Failure to attest to the purchase of the Defendant's Products, or purchase of products that are not covered by the terms of this Settlement Agreement;

2. Failure to provide adequate verification or additional information of the Claim pursuant to a request of the Settlement Administrator;

3. Failure to fully complete and/or sign the Claim Form;

4. Failure to submit a legible Claim Form;

5. Submission of a fraudulent Claim Form;

6. Submission of Claim Form that is duplicative of another Claim Form;

7. Submission of Claim Form by a person who is not a Settlement Class Member;

8. Request by person submitting the Claim Form to pay funds to a person or entity that is not the Settlement

Execution Copy

Class Member for whom the Claim Form is submitted;

9. Failure to submit a Claim Form by the end of the Claim Period; or

10. Failure to otherwise meet the requirements of this Agreement.

**(d) Settlement – Class Members' Cash Recovery**.

a. **Tier 1**: Class Members with Proof of Purchase may seek reimbursement as follows:  Claimants with a receipt may seek reimbursement of $1.00 per unit bought, with no cap or limit.

b. **Tier 2:** Class Members without Proof of Purchase may seek reimbursement of $1.00 per unit bought, up to a maximum recovery of 15 products (for $15.00) per consumer.

**(e) Claim Form Submission and Review.**  Claimants may submit a Claim Form either by mail or electronically.  The Settlement Administrator shall review and process the Claim Forms pursuant to the process described in this Agreement to determine each Claim Form's validity.  Adequate and customary procedures and standards will be used by the Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims.  The Parties shall take all reasonable steps, and direct the Settlement Administrator to take all reasonable steps, to ensure that Claim Forms completed and signed electronically by Settlement Class Members

Execution Copy

conform to the requirements of the federal Electronic Signatures Act, 15 U.S.C. § 7001, *et seq*.

 **(f)**  **Claim Form Deficiencies.**  Failure to provide all information requested on the Claim Form will not result in immediate denial or nonpayment of a claim. Instead, the Settlement Administrator will take all adequate and customary steps to attempt to cure the defect and to determine the Settlement Class Member's eligibility for payment and the amount of payment based on the information contained in the Claim Form or otherwise submitted, including but not limited to attempting to follow up with the Claimant to gather additional information if necessary. If the Claim Form defect cannot be cured, the Claim will be rejected. Defendant is entitled to dispute claims if available records or other information indicate that the information on the Claim Form is inaccurate or incomplete, but determination by Settlement Administrator will be final.

 **(g)**  **Failure to Submit Claim Form.** Unless a Settlement Class Member opts out pursuant to Section VI, any Settlement Class Member who fails to submit a timely and valid Claim Form shall be forever barred from receiving any payment pursuant to this Agreement and shall in all other respects be bound by all of the terms of this Agreement and the terms of the Order and Final Judgment to be entered in the Action. Based on the Release contained in the Agreement, any Settlement Class Member who does not opt out will be barred from bringing any action in any forum (state or federal) against

Execution Copy

any of the Released Persons concerning any of the matters subject to the Release.

### 4.3 <u>Distribution to Authorized Settlement Class Members</u>

The Settlement Administrator shall begin paying timely, valid, and approved Claims via first-class mail or other means no later than sixty (60) calendar days after the Effective Date. The Settlement Administrator may begin to pay timely, valid, and approved Claims sooner upon Defendant and Class Counsel's joint direction, but not before the Effective Date. The Settlement Administrator shall have completed the payment to Settlement Class Members who have submitted timely, valid, and approved Claims pursuant to the Claim Process no later than one hundred (100) calendar days after the Effective Date.

### 4.4 <u>Excess or Insufficient Funds in the Settlement Fund</u>

**4.4.1    Excess Funds.** If, after the calculation of all valid Initial Claim Amounts, Notice and Administration costs, Attorneys' Fees and Expenses, Incentive Awards, and any other claim, cost, or fee specified by this Agreement, value remains in the Settlement Fund, it shall be called the Residual Fund. Any value remaining in the Residual Fund shall increase eligible Settlement Class Members' relief for their Final Claim Amounts on a *pro rata* basis until the Residual Funds are depleted. The Settlement Administrator shall determine each authorized Settlement Class member's *pro rata* share based upon each Settlement Class Member's Claim Form and the total number of valid Claims. Accordingly, the actual Final Claim Amount recovered by each Settlement Class Member will not be determined until after the Claim Period has ended and all Claims have been calculated.

**4.4.2    Insufficient Funds.** If the total amount of the timely, valid, and approved Initial Claim Amounts submitted by Settlement Class Members exceeds the funds available, after

23

Execution Copy

deducting any fees, payments, and costs set forth in this Agreement that must also be paid from the Settlement Fund, each eligible Settlement Class Member's Initial Claim Amount shall be proportionately reduced to determine their Final Claim Amounts on a *pro rata* basis, such that the aggregate value of the cash payments distributed does not exceed the settlement fund balance after payment of all other costs.  The Settlement Administrator shall determine each authorized Settlement Class member's *pro rata* share based upon each Settlement Class Member's Claim Form and the total number of valid Claims.  Accordingly, the actual Final Claim Amount recovered by each Settlement Class Member will not be determined until after the Claim Period has ended and all Claims have been calculated.

     **4.4.3**   It is the Parties' intent to exhaust the Settlement Fund completely.  However, if there are any funds remaining in the Settlement Fund after payment of Final Claim Amounts to Class Members; Notice and Administration costs; Attorneys' Fees and Expenses; Incentive Awards; and any other claim, cost, or fee specified by this Agreement then the Settlement Administrator shall pay this remaining amount to the following non-profit organization: Center for Science in the Public Interest.  No Settlement Funds will be returned to Defendant. Defendant represents and warrants that payment of any Settlement Funds detailed in this section 4.4.3 to any charities, non-profit organizations, or government entities shall not reduce any of its donations or contributions to any entity, charity, charitable foundation or trust, and/or non-profit organization.

  **4.5**    **<u>Injunctive Relief: Modification of Products' Labels and Website</u>**

     Defendant agrees to make the modifications described below to its labeling on its Products and on its website, beginning within ninety (90) days after the Effective Date, but shall be able to continue to utilize existing labels and containers and sell existing inventory.

Execution Copy

McCormick shall be prohibited from distributing, marketing, advertising, labeling, packaging, or selling any of the Products with a "Natural" or "All Natural" representation on the Products' label and/or advertising.

Defendant is allowed to use "natural" in ways that the Food and Drug Administration currently specifically defines as acceptable (i.e., "natural flavors" and "natural colors"), and other similar terms that the Food and Drug Administration may approve in the future.

Execution Copy

## V.    NOTICE TO CLASS AND ADMINISTRATION OF PROPOSED SETTLEMENT

### 5.1 Duties and Responsibilities of the Settlement Administrator

Class Counsel and Defendant recommend, and Class Counsel retains, Angeion Group to be the Settlement Administrator for this Agreement.  The Settlement Administrator shall abide by and shall administer the Settlement in accordance with the terms, conditions, and obligations of this Agreement and the Orders issued by the Court in this Action.

**5.2    Class Notice Duties.**  The Settlement Administrator shall, in cooperation with the Parties, be responsible for consulting on and designing the Class Notice, Summary Class Notice, and Claim Form.  After the Court's Preliminary Approval of this Agreement and Appointment of the Settlement Administrator, the Settlement Administrator shall also be responsible for disseminating the Class Notice, substantially in the form as described in the Notice Plan attached as Exhibit C to this Agreement, as specified in the Preliminary Approval Order, and as specified in this Agreement.  The Class Notice and Summary Class Notice will comply with all applicable laws, including, but not limited to, the Due Process Clause of the U.S. Constitution.  Class Notice duties include, but are not limited to:

- Consulting on, drafting, and designing the Class Notice, Summary Class Notice, and Claim Form.  Class Counsel and Defendant's Counsel shall have input and joint approval rights, which shall not be unreasonably withheld, over these Notices and Form or any changes to the Notices and Form;

- Developing a Notice Plan, attached as Exhibit C to this Agreement.  Class Counsel and Defendant's Counsel shall have input and joint approval rights, which shall not be unreasonably withheld, over this Notice Plan or changes to this Notice Plan;

Execution Copy

- Implementing and arranging for the publication of the Summary Settlement Notice and Class Notice via various forms of electronic media, including implementing media purchases, all in substantial accordance with the Notice Plan, attached as Exhibit C.  To the extent that the Settlement Administrator believes additional or different Notice should be undertaken than that provided for in the Notice Plan, Class Counsel and Defendant's Counsel shall have input and joint approval rights, which shall not be unreasonably withheld, over any additional or different Notice; and

- Establishing and publishing a website that contains the Class Notice and related documents, including a Claim Form capable of being completed and submitted on-line.  The website, including the Class Notice, shall remain available for 120 days after the Effective Date;

- Sending the Class Notice and related documents, including a Claim Form, via electronic mail or regular mail, to any potential Settlement Class Member who so requests;

- Responding to requests from Class Counsel and Defendant's Counsel; and

- Otherwise implementing and assisting with the dissemination of the Notice of the Settlement.

The above-described notice program shall be designed to reach at least 70% of the proposed Settlement Class, and shall commence approximately thirty (30) calendar days after the entry of the Preliminary Approval Order.

Execution Copy

**5.3     Class Action Fairness Act Notice Duties to State and Federal Officials.**  No later than ten (10) calendar days after this Agreement is filed with the Court, Defendant shall mail or cause the items specified in 28 U.S.C. § 1715(b) to be mailed to each State and Federal official, as specified in 28 U.S.C. § 1715(a)

**5.4     Claims Process Duties.**  The Settlement Administrator shall be responsible for implementing the terms of the Claim Process and related administrative activities, including communications with Settlement Class Members concerning the Settlement, Claim Process, and the options they have.  Claims Process duties include, but are not limited to:

- Executing any mailings required under the terms of this Agreement;

- Establishing a toll-free voice response unit to which Settlement Class Members may refer for information about the Action and the Settlement;

- Establishing a post office box for the receipt of Claim Forms, exclusion requests, and any correspondence;

- Receiving and maintaining on behalf of the Court all correspondence from any Settlement Class Member regarding the Settlement, and forwarding inquiries from Settlement Class Members to Class Counsel or their designee for a response, if warranted; and

- Receiving and maintaining on behalf of the Court any Settlement Class Member correspondence regarding any opt-out requests, exclusion forms, or other requests to exclude himself or herself from the Settlement, and providing to Class Counsel and Defendant's Counsel a copy within five (5) calendar days of receipt.  If the Settlement Administrator receives any such forms or requests after the deadline for

Execution Copy

the submission of such forms and requests, the Settlement Administrator shall

promptly provide Class Counsel and Defendant's Counsel with copies.

**5.5     Claims Review Duties.**  The Settlement Administrator shall be responsible for

reviewing and approving Claim Forms in accordance with this Agreement.  Claims Review

duties include, but are not limited to:

- Reviewing each Claim Form submitted to determine whether each Claim Form meets

  the requirements set forth in this Agreement and whether it should be allowed,

  including determining whether a Claim by any Settlement Class Member is timely,

  complete, and valid;

- Working with Settlement Class Members who submit timely claims to try to cure any

  Claim Form deficiencies;

- Using all reasonable efforts and means to identify and reject duplicate and/or

  fraudulent claims, including, without limitation, maintaining a database of all Claims

  Form submissions;

- Keeping an accurate and updated accounting via a database of the number of Claim

  Forms received, the amount claimed on each Claim Form, the name and address of

  the Settlement Class Members who made the claim, the type of claim made, whether

  the claim has any deficiencies, and whether the claim has been approved as timely

  and valid; and

- Otherwise implementing and assisting with the Claim review process and payment of

  the Claims, pursuant to the terms and conditions of this Agreement.

**5.6     Periodic Updates.**  The Settlement Administrator shall provide periodic updates

to Class Counsel and Defendant's Counsel regarding Claim Form submissions beginning within

Execution Copy

seven (7) business days after the commencement of the dissemination of the Class Notice or the Summary Settlement Notice and continuing on a monthly basis thereafter and shall provide such an update within seven (7) days before the Final Approval Hearing.  The Settlement Administrator shall also provide such updates to Class Counsel or Defendant's Counsel upon request, within a reasonable amount of time.

  **5.7** **Claims Payment Duties.**  The Settlement Administrator shall be responsible for sending payments to all eligible Settlement Class Members with valid, timely, and approved Claims pursuant to the terms and conditions of this Agreement.  Claim Payment duties include, but are not limited to:

- Within seven (7) days of the close of the Claims Period, provide a report to Class Counsel and Defendant's Counsel calculating the amount and number of valid and timely claims that requested refunds, including any to be paid pursuant to the Residual Funds described in Section 4.4;

- Sending refund payments to Settlement Claim Members who submitted timely, valid, and approved Claim Forms;

- Once refund payments have commenced to the Settlement Class pursuant to the terms and conditions of this Agreement, the Settlement Administrator shall provide a regular accounting to Class Counsel and Defendant's Counsel that includes but is not limited to the number and the amount of claims paid.

  **5.8** **Reporting to Court.**  Not later than seven (7) calendar days before the date of the Fairness Hearing, the Settlement Administrator and Notice Administrator shall file a declaration or affidavit with the Court that: (i) includes a list of those persons who have opted out or

Execution Copy

excluded themselves from the Settlement; and (ii) describes the scope, methods, and results of the notice program.

**5.9     Duty of Confidentiality.**  The Settlement Administrator shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity, except to the Parties or as provided for in this Agreement or by Court Order.

**5.10     Right to Inspect.**  Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

Execution Copy

## VI.    OBJECTIONS AND REQUESTS FOR EXCLUSION

**6.1**    A Settlement Class Member may either object to this Agreement pursuant to Section 6.2 or request exclusion from this Agreement pursuant to Section 6.3.

**6.2**    Settlement Class Members shall have the right to object to this settlement and to appear and show cause, if they have any reason why the terms of this Agreement should not be given Final Approval, pursuant to this section:

**6.2.1**    A Settlement Class Member may object to this Agreement either on his or her own without an attorney, or through an attorney hired at his or her own expense.

**6.2.2**    Any objection to this Agreement must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented), filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set forth in the Class Notice, no later than 21 days before the Fairness Hearing.

**6.2.3**    Any objection regarding or related to this Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Holve v. McCormick & Company, Inc.,* Case no. 6:16-cv-06702-FPG (W.D.N.Y.)"

**6.2.4**    Any objection regarding or related to this Agreement shall contain (a) the name, address, and telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel with counsel's contract information; (b) a list of any other objections filed in any court for the past five (5) years; (c) if he or she is represented by counsel, a list of objections filed by that counsel in any court for the past (5) years; (d) any and all agreements that relate to the objection or the process of objecting—whether written or oral—

Execution Copy

between objector or objector's counsel and any other person or entity; (e) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel; and (f) a clear and concise statement of the Settlement Class Member's objection, the facts supporting the objection, and the legal grounds on which the objection is based. Any objection must be personally signed by the Settlement Class Member. Class or group objections shall be prohibited.

**6.2.5**   Any objection shall include documents sufficient to establish the basis for the objector's standing as a Settlement Class Member, such as (i) a declaration signed by the objector under penalty of perjury, with language similar to that included in the Claim Form attached hereto as Exhibit A, that the Settlement Class Member purchased at least one Product during the Class Period.

**6.2.6**   Class Counsel shall have the right and Defendant shall reserve its right to respond to any objection no later than seven (7) days prior to the Final Fairness Hearing.

**6.2.7**   If an objecting Settlement Class Member chooses to appear at the hearing, no later than twenty-one (21) days before the Fairness Hearing, a Notice of Intention to Appear, either In Person or Through an Attorney, must be filed with the Court and list the name, address and telephone number of the attorney, if any, who will appear.

**6.2.8**   The Parties shall have the right to take discovery (including written discovery and depositions) from any Settlement Class Member that objects to the Settlement without further leave of court. If the Settlement Class Member that

Execution Copy

> objects to the Settlement is represented by counsel, the Parties shall also have the right to take discovery from the Settlement Class Member's counsel without further leave of court.

 6.3 **Requests for Exclusion.** Settlement Class Members shall have the right to elect to exclude themselves, or "opt out," of the monetary portion of this Agreement, relinquishing their rights to cash compensation under this Agreement and preserving their claims for damages that accrued during the Class Period, pursuant to this section:

> 6.3.1 A Settlement Class Member wishing to opt out of this Agreement must do so in writing by sending to the Class Action Settlement Administrator by U.S. Mail a personally-signed letter including his or her name and address, and providing a clear statement communicating that he or she elects to be excluded from the Settlement Class. Class or group requests for exclusion shall be prohibited.

> 6.3.2 Any request for exclusion or opt out must be postmarked on or before the opt-out deadline date specified in the Preliminary Approval Order, which is twenty-one (21) days before the Final Approval Hearing date.  The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

> 6.3.3 The Class Action Settlement Administrator shall forward copies of any written requests for exclusion to Class Counsel and Defendant's Counsel, and shall file a list reflecting all requests for exclusion with the Court no later than seven (7) calendar days before the Settlement Hearing.

Execution Copy

**6.3.4**   The Request for Exclusion must be personally signed by the Settlement Class Member.

**6.3.5**   Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, this Agreement; (c) gain any rights by virtue of this Agreement; or (d) be entitled to object to any aspect of the Settlement.

**6.4**   Any Settlement Class Member who does not file a timely written request for exclusion as provided in the preceding Section 6.3 shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the Release in this Action, even if he or she has litigation pending or subsequently initiates litigation against Defendant relating to the claims and transactions released in this Action.

**6.5**   Any Settlement Class Member who does not request exclusion from the Settlement has the right to object to the Settlement.  Settlement Class Members may not both object and opt out of the Settlement.  Any Settlement Class Member who wishes to object must timely submit an objection as set forth in Section 6.2 above.  If a Settlement Class Member submits both an objection and a written request for exclusion, he or she shall be deemed to have complied with the terms of the procedure for requesting exclusion as set forth in Section 6.3 and shall not be bound by the Agreement if approved by the Court and the objection will not be considered by the Court.

Execution Copy

## VII.   RELEASES

**7.1**     Upon the Effective Date of this Class Settlement Agreement, Plaintiff and each member of the Settlement Class, and each of their successors, assigns, heirs, and personal representatives, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons.  The Released Claims shall be construed as broadly as possible to effect complete finality over this litigation involving the advertising, labeling, and marketing of the released Products as set forth herein.

**7.2**     Plaintiff fully understands that the facts upon which this Class Settlement Agreement is executed may hereafter be other than or different from the facts now believed by Plaintiffs and Class Counsel to be true and nevertheless agree that this Class Settlement Agreement and the Release shall remain effective notwithstanding any such difference in facts. Plaintiff acknowledges, and the Settlement Class is deemed to have acknowledged, that the definition of Released Claims in the Agreement was bargained for and was a key element of the Agreement.

**7.3**     To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of or contrary to this Agreement, including but not limited to any Related Actions.

Execution Copy

## VIII.   ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS

**8.1**     Class Counsel agrees to make, and Defendant agrees not to oppose, an application for an award of Attorneys' Fees and Expenses in the Action that will not exceed an amount equal to Thirty Three percent (33%) of the Settlement Fund of $3,000,00.00.  This shall be paid from the Settlement Fund and shall be the sole aggregate compensation paid by Defendant for Class Counsel representing the Class.  The ultimate award of Attorneys' Fees and Expenses will be determined by the Court.

**8.2**     Class Counsel shall allocate and distribute the Court's award of fees and expenses amongst themselves such that 50% of the fees and expenses are paid to Reese LLP and the other 50% of the fees and expenses are paid to Eggnatz Pascucci, P.A.  Class counsel shall indemnify Defendant and its attorneys against any third-party action relating to attorneys' fees and expenses awarded to Class Counsel.

**8.3**     Class Counsel agrees that any award of Attorneys' Fees and Expenses will be sought solely and exclusively in the Action.  Class Counsel agrees that they will not seek or accept more than One Million Dollars and No cents ($1,000,000.00) in Attorneys' Fees and Expenses.

**8.4**     Defendant will not appeal from any order with respect to the award of Attorneys' Fees and Expenses provided that the order does not award Attorneys' Fees and Expenses in excess of the amount stated in Section 8.1.  Defendant shall have the right to appeal in the event of an award of Attorneys' Fees and Expenses in excess of such amount.  Defendant shall also have the right to withdraw from the settlement in the event of an award of Attorneys' Fees and Expenses in excess of such amount.

Execution Copy

**8.5**     Within five (5) days after the Effective Date, Defendant shall pay, from the Settlement Fund, an Incentive Award of Five Thousand Dollars and No Cents ($5,000.00) to the named plaintiff Megan Holve.

**8.6**     Papers in support of Class Counsel's attorneys' fees and expenses and the Incentive Award shall be filed no later than fourteen (14) days prior to the Objection Deadline. Papers in support of Final Approval shall also be filed no later than fourteen (14) days prior to the Objection Deadline.

## IX.     NO ADMISSION OF LIABILITY

**9.1**     Defendant has denied and continues to deny that the labeling, advertising, or marketing of its Products is false, deceptive, or misleading to consumers or violates any legal requirement, including but not limited to the allegations that Defendant engaged in unfair, unlawful, fraudulent, or deceptive trade practices, breached an express warranty, or was unjustly enriched.  Defendant is entering into this Class Settlement Agreement solely because it will eliminate the uncertainty, distraction, burden, and expense of further litigation.  The provisions contained in this Class Settlement Agreement and the manner or amount of relief provided to Settlement Class Members herein shall not be deemed a presumption, concession, or admission by Defendant of any fault, liability, or wrongdoing as to any facts or claims that have been or might be alleged or asserted in the Action, or in any other action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in any action or proceeding, whether civil, criminal, or administrative, for any purpose other than as provided expressly herein.

**9.2**     By entering into this Class Settlement Agreement, Defendant is not consenting to or agreeing to certification of the Settlement Class for any purpose other than to effectuate the settlement of the Action.  The parties agree that if the Court does not approve this Class

Execution Copy

Settlement Agreement substantially in the form submitted (or in a modified form mutually acceptable to the Parties), including, without limitation, if the Court grants a fee application that would cause the total award for Attorneys' Fees and Expenses to exceed One Million Dollars and No Cents ($1,000,000.00), or if this Class Settlement Agreement is terminated or fails to become effective or final in accordance with its terms, the Actions shall proceed as if no Party had ever agreed to such settlement, without prejudice to the right of any Party to take any and all action of any kind in the Actions.

## X.      TERMINATION OF SETTLEMENT

**10.1**      Plaintiff's Counsel, acting on behalf of Plaintiff and the Settlement Class, and Defendant shall each have the right to terminate this Agreement in each of their separate discretions by providing written notice to the other of an election to do so ("Termination Notice") within thirty (30) days following any of the following events: (i) the Court denies, in whole or in part, the motion to certify the Settlement Class; (ii) the Court enters an order declining to enter Preliminary Approval in any material respect; (iii) the Court enters an order refusing to approve this Agreement or any material part of it; or (iv) the Court, a court of appeal or any higher court enters an order declining to enter, reversing, vacating, materially modifying or dismissing, in whole or in part and in any material respect, the Order and Final Judgment.

**10.2**      Except as otherwise provided herein, in the event the Settlement is terminated in accordance herewith, then the Parties to this Agreement shall be deemed to have reverted to their respective status in the Action as of the date hereof.  In such event, the terms and provisions of this Agreement shall have no further force and effect and shall not be used in the Action or in any other proceeding or for any purpose, and the Parties will jointly make an application requesting that any judgment entered by the Court in accordance with the terms of this Agreement, including any certification of a Settlement Class, shall be treated as vacated, *nunc*

Execution Copy

*pro tunc*.  Within fifteen (15) days following any Termination Notice being delivered to the Fund

Institution, the Settlement Fund shall be returned in its entirety to Defendant (including any

accrued interest thereon), less any taxes due and expenditures made for notice and administrative

costs, if any, pursuant to Section V of this Agreement. At the request of Defendant's Counsel,

the Fund Institution shall apply for any tax refund owed on the Settlement Fund and pay the

proceeds to Defendant.

## XI.    ADDITIONAL PROVISIONS

**11.1**    The Parties agree that information and documents exchanged in negotiating this

Settlement Agreement were done so pursuant to Fed.  R.  Evid.  408, and no such confidential

information exchanged or produced by either side may be revealed for any other purpose than

this Settlement.  This does not apply to publicly-available information or documents.

**11.2**    The Parties agree to return or dispose of confidential documents and information

exchanged in negotiating this Settlement Agreement within Fifteen days of the Effective Date.

This does not apply to publicly available information or documents.

**11.3**    The Parties agree that the terms of the Class Settlement Agreement were

negotiated at arm's length and in good faith by the Parties and reflect a settlement that was

reached voluntarily after consultation with experienced legal counsel.

**11.4**    The Parties and their respective counsel agree to use their best efforts and to

cooperate fully with one another (i) in seeking preliminary and final Court approval of this

settlement; and (ii) in effectuating the full consummation of the settlement provided for herein.

**11.5**    Each counsel or other person executing this Class Settlement Agreement on

behalf of any Party hereto warrants that such person has the authority to do so.

Execution Copy

**11.6**    This Class Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.  Executed counterparts shall be deemed valid if delivered by mail, courier, electronically, or by facsimile.

**11.7**    This Class Settlement Agreement shall be binding upon and inure to the benefit of the settling Parties (including all Settlement Class Members), their respective agents, attorneys, insurers, employees, representatives, officers, directors, partners, divisions, subsidiaries, affiliates, associates, assigns, heirs, successors in interest, and shareholders, and any trustee or other officer appointed in the event of a bankruptcy, as well as to all Released Persons as defined in Section 2.24.  The waiver by any Party of a breach of this Class Settlement Agreement by any other Party shall not be deemed a waiver of any other breach of this Class Settlement Agreement.

**11.8**    This Class Settlement Agreement and any exhibits attached to it constitute the entire agreement between the Parties hereto and supersede any prior agreements or understandings, whether oral, written, express, or implied between the Parties with respect to the settlement.

**11.9**    No amendment, change, or modification of this Class Settlement Agreement or any part thereof shall be valid unless in writing, signed by all Parties and their counsel, and approved by the Court.

**11.10**    The Parties to this Class Settlement Agreement each represent to the other that they have received independent legal advice from attorneys of their own choosing with respect to the advisability of making the settlement provided for in this Class Settlement Agreement, and with respect to the advisability of executing this Class Settlement Agreement, that they have read

Execution Copy

this Class Settlement Agreement in its entirety and fully understand its contents, and that each is executing this Class Settlement Agreement as a free and voluntary act.

     **11.11**   Except as otherwise provided herein, all notices, requests, demands, and other communications required or permitted to be given pursuant to this Class Settlement Agreement shall be in writing and shall be delivered personally, by facsimile, by e-mail, or by overnight mail, to the undersigned counsel for the Parties at their respective addresses.

     **11.12**   The titles and captions contained in this Class Settlement Agreement are inserted only as a matter of convenience and for reference, and shall in no way be construed to define, limit, or extend the scope of this Class Settlement Agreement or the intent of any of its provisions.  This Class Settlement Agreement shall be construed without regard to its drafter, and shall be construed as though the Parties participated equally in the drafting of this Class Settlement Agreement.

     **11.13**   The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Class Settlement Agreement and the Parties to the Class Settlement Agreement submit to the jurisdiction of the Court for those purposes.

     **11.14**   To the extent Class Counsel wish to issue any general or public communication about the settlement, any such public statement shall be limited to publicly available information and documents filed in this action and/or in a form mutually agreed upon by Class Counsel and Defendant's Counsel.

Execution Copy

**IN WITNESS WHEREOF**, McCormick & Company, Inc., and Megan Holve on behalf of herself and all others similarly situated, intending to be legally bound hereby, have duly executed this Class Settlement Agreement as of the date set forth below, along with their counsel.

Dated:      05/06/2021

By: _____
Plaintiff Megan Holve

**MCCORMICK & COMPANY, INC.**

Dated: MAY 7, 2021

By: _____
Jeffery Schwartz
General Counsel

**REESE LLP**

Dated: May 5, 2021

By: _____
Michael R. Reese, Esq.

**EGGNATZ PASCUCCI, P.A.**

Dated: May 5, 2021

By: _____
Joshua H. Eggnatz, Esq.

*Co-Lead Class Counsel*

**HOGAN LOVELLS US LLP**

Dated: May 7, 2021

By: _____
Pieter Van Tol, Esq.
Benjamin A. Fleming, Esq.

*Counsel for
Defendant McCormick & Company, Inc.*