UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
(ROCHESTER DIVISION)

| | |
|---|---|
| MEGAN HOLVE, *individually and on behalf of all others similarly situated*, | Civil Action No. 6:16-cv-06702-FPG-MWP |
| Plaintiff, | |
| – against – | |
| MCCORMICK & COMPANY, INC., | |
| Defendant. | |

## PRELIMINARY APPROVAL ORDER

Having fully considered the Unopposed Motion for Preliminary Approval of Class Settlement ("Motion") of Plaintiff, Megan Holve, ("Plaintiff"), (ECF No. 45), the entire record herein, the Parties' submissions concerning the Motion, and the applicable facts and law, the Court hereby grants preliminary approval to the Settlement contained in the Parties' Settlement Agreement (ECF No. 44) upon the terms and conditions set forth in this Order. Capitalized terms and phrases in this Order shall have the same meaning as they have in the Settlement Agreement. The Court makes the following:

### FINDINGS OF FACT

1.      Plaintiff brought her unopposed motion for preliminary approval before the Court on May 7, 2021, with the consent of McCormick & Company, Inc. ("McCormick" or "Defendant").

2.      On October 27, 2016, Plaintiff, on behalf of herself and all others similarly situated, filed her Complaint challenging the labeling, marketing, and advertising of certain of McCormick's Products. (ECF No. 1). Plaintiff alleges that certain of McCormick's Products are inaccurately and deceptively labeled as "natural." The action alleged the following causes of

action: (1) unlawful and deceptive business practices in violation of Maryland's consumer protection law codified at Maryland Commercial Code §13-301; (2) violation of unjust enrichment under Maryland law; (3) unlawful and deceptive business practices in violation of New York General Business Law section 349 ("GBL § 349); (4) false advertising in the conduct of business in violation of New York General Business Law section 350 ("GBL § 350"); and (5) unjust enrichment.

3.      On August 14, 2018, the Court issued an order denying in part, and granting in part, Defendant's Motion to Dismiss. (ECF No. 17).  The Court allowed for claims brought on behalf of the absent class members under GBL §§ 349-50, MCC § 13-301, and Maryland common law to proceed.  However, in the same order, the Court stayed the matter until February 1, 2019, to see whether or not the Food and Drug Administration ("FDA") would issue any rules or regulations with respect to use of the term "natural" on food products.

4.      On October 9, 2020, the Court lifted the stay (ECF No. 25).

5.      On March 10, 2021, the Parties alerted the Court that the matter had settled.

6.      On March 11, 2021, the Court granted the stay request and gave the Parties until May 7, 2021 to file a status report.  (ECF No. 43).

7.      On September 3, 2021, upon joint consent of the parties, the motion for preliminary approval was referred to the Honorable Mark W. Pedersen for decision.

8.      In reviewing the record and the Parties' submissions, the Court finds the Settlement Agreement was entered into in good faith, and was the product of extensive, arms-length, and settlement negotiations. The Settlement Agreement was achieved with the assistance of an esteemed neutral mediator – the Honorable Arthur J. Boylan (Ret.) – who conducted a full day mediation session with the Parties.

9.      The Parties conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the potential claims to determine the strength of both the defenses and liability sought in the Action.

10.      As part of that investigation, Plaintiffs' Counsel obtained extensive information and documents from Defendants through informal discovery, including examination of verified party and third-party documents produced, pricing and damages analysis, and speaking with Defendant's representatives.

11.      The Parties have entered into a Settlement Agreement in which the Parties have agreed to settle the Action, pursuant to the terms of the Settlement Agreement, subject to the approval and determination by the Court as to the fairness, reasonableness, and adequacy of the Settlement, which, if approved, will result in dismissal of the Action with prejudice; and the Court having reviewed the Settlement Agreement, including the exhibits attached thereto, and all prior proceedings herein, and having found good cause based on the record,

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1.      **Preliminary Settlement Approval**. The provisions of the Settlement Agreement are hereby preliminarily approved. The Court preliminarily approves the Settlement set forth in the Settlement Agreement as being within the range of possible approval as fair, reasonable, and adequate, within the meaning of Rule 23 and the Class Action Fairness Act of 2005, and free of collusion or indicia of unfairness, subject to final consideration at the Fairness Hearing provided for below. The Court also finds that the Settlement resulted from arm's length negotiations and is sufficient to warrant the dissemination of Class Notice to the Settlement Class.

2.      **Stay of the Action**. Pending the final determination of whether the Settlement Agreement should be approved, all proceedings and pending deadlines in this Action, except as may be necessary to implement the terms of the Settlement or comply with the terms of the Settlement, are hereby stayed and suspended.

3.      **Preliminary Class Certification for Settlement Purposes Only**. Having made the findings set forth below, the Court hereby preliminarily certifies a plaintiff class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), in accordance with the terms of the Settlement Agreement (the "Settlement Class"). The Court preliminarily finds, based on the terms of the Settlement described in the Settlement Agreement and for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are issues of law and fact that are typical and common to the Class, and that those issues predominate over individual questions; (c) a class action on behalf of the certified Class is superior to other available means of adjudicating this dispute; and (d) as set forth below, Plaintiff and Class Counsel are adequate representatives of the Class. As provided for in the Settlement Agreement, if the Court does not grant final approval of the Settlement set forth in the Settlement Agreement, or if the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue. In such event, Defendant retains all rights to assert that the Action may not be certified as a class action, other than for settlement purposes.

4

4.     **Class Definition**. The Settlement Class is defined as all persons and entities who, during the Class Period, both resided in the United States, including, but not limited to its territories, and purchased in the United States any of the Defendant Products for their household use or personal consumption and not for resale.  Excluded from the Settlement Class are: (a) Defendant's board members or executive-level officers, including its attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

"Class Period" means the period from January 1 2013, up to and including the date of the Court's Preliminary Approval Order.

The "Products" means Defendant's products as identified in Exhibit D of the Settlement Agreement that is also appended to this Preliminary Approval Order.

5.     **Class Representatives and Class Counsel**. The Court appoints REESE LLP, 100 West 93rd Street, 16th Floor, New York, New York 10025 and EGGNATZ PASCUCCI, P.A., 7450 Griffin Road, Suite 230, Davie, Florida 33314 as counsel for the Settlement Class. Plaintiff Megan Holve is hereby appointed as Class Representative.

6.     **Jurisdiction**. The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

7.     **Fairness Hearing**. A Fairness Hearing shall be held on January 11, 2022, at 9:30 a.m., at the United States District Court for the Western District of New York, 100 State Street, Rochester, New York 14614, to determine, among other things: (a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Rule 23(a) and (b)(3); (b)

whether the settlement of the Action should be finally approved as fair, reasonable, and adequate pursuant to Rule 23(e); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) whether Settlement Class Members should be bound by the release set forth in the Settlement Agreement; (e) whether Settlement Class Members and related persons should be permanently enjoined from pursuing lawsuits based on the transactions and occurrences at issue in the Action; (f) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses should be approved pursuant to Rule 23(h); and (g) whether the application of the named Plaintiff for a Service Award should be approved. The submissions of the Parties in support of final approval of the Settlement, including Class Counsel's application for Attorneys' Fees and Expenses and Service Awards, shall be filed with the Court no later than fourteen (14) days prior to the deadline for the submission of objections and may be supplemented up to seven (7) days prior to the Fairness Hearing.

8.    **Administration**. In consultation with, and with the approval of, Defendant, Class Counsel is hereby authorized to establish the means necessary to administer the Proposed Settlement and implement the Claim Process, in accordance with the terms of the Settlement Agreement.

9.    **Fund Institution**. Western Alliance Bank shall serve as the third-party Fund Institution where Defendant shall deposit the Settlement Funds under the terms of the Agreement into an interest-bearing Qualified Settlement Fund account.

10.   **Class Notice**. The proposed Class Notice and Notice Plan, the notice methodology described in the Settlement Agreement and in the Declaration of the Notice Administrator are hereby approved.

a.      Pursuant to the Settlement Agreement, the Court appoints Angeion Group,
to be the Notice Administrator and Settlement Administrator to help implement the terms of the
Settlement Agreement.

b.      Not later than thirty (30) days after the entry of the Preliminary Approval
Order, whichever occurs first, the Notice Administrator shall establish an Internet website,
www.McCormickSettlement.com, that will inform Settlement Class Members of the terms of the
Settlement Agreement, their rights, dates and deadlines, and related information. The website
shall include, in Portable Document Format ("PDF"), materials agreed upon by the Parties and as
further ordered by this Court.

c.      Not later than thirty (30) days after the entry of the Preliminary Approval
Order, whichever occurs first, the Notice Administrator shall establish a toll-free telephone number
that will provide Settlement-related information to Settlement Class Members.

d.      During the Claim Period, the Notice Administrator shall also publish the
Settlement Notice as described in the Declaration of the Notice Administrator and in such
additional other media outlets as shall be agreed upon by the Parties.

e.      The Notice Administrator shall timely disseminate any remaining notice, as
stated in the Settlement Agreement and/or the Declaration of the Notice Administrator.

f.      Not later than seven (7) calendar days before the date of the Fairness
Hearing, the Notice Administrator shall file with the Court: (a) a list of those persons who have
opted out or excluded themselves from the Settlement; (b) the details outlining the scope, methods,
and results of the notice program; and (c) compliance with the obligation to give notice to each
appropriate State and Federal official, as specified in 28 U.S.C. § 1715, and any other applicable

7

statute, law or rule, including, but not limited to, the Due Process Clause of the United States Constitution.

11.     **Findings Concerning Notice**. The Court finds that the form, content, and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

12.     **Exclusion from Settlement Class**. Any Settlement Class Member who wishes to be excluded from the Class may elect to opt out of the Class Settlement, relinquishing his or her rights to monetary compensation under this Agreement. Settlement Class Members who opt out of the Settlement will not release their claims that accrued during the Class Period. Settlement Class Members wishing to opt out of the Settlement must send to the Class Action Settlement Administrator by U.S. mail a personally signed letter including their name and address and providing a clear statement communicating that they elect to be excluded from the Settlement Class. Any request for exclusion or opt-out must be postmarked on or before the opt-out deadline

specified in this Preliminary Approval Order. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. The Settlement Administrator shall forward copies of any written requests for exclusion to Class Counsel and Defendant's Counsel. The Settlement Administrator shall file a list reflecting all requests for exclusion with the Court no later than seven (7) calendar days before the Fairness Hearing. Any potential Settlement Class Member who does not file a timely written request for exclusion shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the release in the Settlement Agreement.

13.     **Objections and Appearances**. A Settlement Class Member may object to the Settlement pursuant to Section 6 of the Settlement Agreement. A Settlement Class Member may object to the Settlement Agreement either on his or her own without an attorney, or through an attorney hired at his or her expense. Any objection must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented, including any former or current counsel who may be entitled to compensation for any reason related to the objection), filed with the Court, with a copy delivered to Class Counsel and Defendants' Counsel, at the addresses set forth in the Class Notice, no later than 21 days before the Fairness Hearing. Any objection shall contain a caption or title that identifies it as "Objection to Class Settlement in *Holve v. McCormick & Company, Inc.,* case no. 6:16-cv-06702-FPG (W.D.N.Y.)."

14.     Any objection shall contain information sufficient to identify and contact the objecting Settlement Class Member (or his or her individually-hired attorney, if any), including address, telephone number and, if available, e-mail address, as well as a clear and concise statement of the Settlement Class Member's objection, the facts supporting the objection, and the legal grounds and authority on which the objection is based, and whether he or she intends to

9

appear at the Final Approval Hearing, either with or without counsel. Any objection shall include documents sufficient to establish the basis for the objector's standing as a Settlement Class Member, such as (i) a declaration signed by the objector under penalty of perjury, with language similar to that included in the Claim Form, that the Settlement Class Member purchased at least one Product during the Class Period; or (ii) receipt(s) reflecting such purchase(s).

15.     Any objection shall also include a detailed list of any other objections submitted by the Settlement Class member, or his or her counsel, to any class action submitted in any court, whether state or otherwise, in the United States in the previous five (5) years.  If the Settlement Class member or his or her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he or she shall affirmatively state so in the written materials provided in connection with the objection to this Settlement.

16.     The filing of an objection permits Class Counsel or Defendants' Counsel to notice such objecting person for his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection.  Failure by an objector to make himself or herself available for a deposition or to comply with expedited discovery requests may result in the Court striking said objector's objection and otherwise denying that person the opportunity to make an objection or be further heard.  The Court reserves the right to tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or is made for an improper purpose.  Any Settlement Class Member who fails to comply with the provisions of this Order shall waive and forfeit any and all rights he or she may have to object, and shall be bound by all terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the release in the Settlement Agreement in the Action.

a.      Any Settlement Class Member, including Settlement Class Members who file and serve a written objection, as described above, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement Agreement or proposed Settlement, or to the award of Attorneys' Fees and Expenses or the Service Award to the Plaintiff. Settlement Class Members who intend to make an appearance at the Fairness Hearing must file a Notice of Intention to Appear with the Court, listing the name, address and phone number of the attorney, if any who will appear, no later than twenty-one (21) days before the Fairness Hearing, January _____, **2022**, or as the Court may otherwise direct.

b.      Class Counsel and Defendant shall have the right to respond to any objection no later than seven (7) days prior to the Fairness Hearing, or as the Court may otherwise direct. The Party so responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, to the objecting Settlement Class Member or to the individually-hired attorney for the objecting Settlement Class Member; to all Class Counsel; and to Defendant's Counsel.

17.     **Disclosures.** The Settlement Administrator, Defendant's Counsel, and Class Counsel shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.

18.     **Termination of Settlement**. This Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; (b) the Settlement is terminated in accordance with the Settlement Agreement; or (c)

11

the Settlement does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose.

19.    **Nationwide Stay and Preliminary Injunction**. Effective immediately, any actions or proceedings pending in any state or federal court in the United States involving the Released Claims, as defined in the Parties' Settlement Agreement (ECF No. 44), in connection with Defendant's Products, except any matters necessary to implement, advance, or further approval of the Settlement Agreement or settlement process, are stayed pending the final Fairness Hearing and the issuance of a final order and judgment in this Action.

In addition, pending the final Fairness Hearing and the issuance of a final order and judgment in this Action, all members of the Settlement Class and their legally authorized representatives are hereby preliminarily enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction arising out of or relating to the Products or the facts and circumstances at issue in the Action against the Released Parties, provided that this injunction shall not apply to the claims of any Class Members who have timely and validly requested to be excluded from the Class.

Also, pending the final Fairness Hearing and issuance of a final order and judgment in this Action, all members of the Settlement Class and their legally authorized representatives are hereby preliminary enjoined from filing, commencing, prosecuting, or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or

12

by seeking class certification in a pending action in any jurisdiction), on behalf of members of the Settlement Class, if such other class action is based on or relates to Defendant's Products.

Such injunction shall remain in force until the Effective Date or until such time as the Parties notify the Court that the Settlement has been terminated. Under the All Writs Act, the Court finds that issuance of this nationwide stay and injunction is necessary and appropriate in aid of the Court's jurisdiction over this action. The Court finds no bond is necessary for issuance of this injunction.

20.    **Effect of Settlement Agreement and Order**. Class Counsel, on behalf of the Settlement Class, and Defendants entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. The Settlement Agreement, the documents relating to the Settlement Agreement, and this Order are not, and should not in any event be (a) construed, deemed, offered or received as evidence of a presumption, concession or admission on the part of Plaintiffs, Defendants, any member of the Settlement Class or any other person; or (b) offered or received as evidence of a presumption, concession or admission by any person of any liability, fault, or wrongdoing, or that the claims in the Action lack merit or that the relief requested is inappropriate, improper, or unavailable for any purpose in any judicial or administrative proceeding, whether in law or in equity.

21.    **Retaining Jurisdiction**. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

22.    **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Fairness Hearing without further written notice.

23.     The Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

   a. Claims Administrator shall begin publication notice and effectuate all provisions of the Notice Plan **October 22, 2021**.

   b. Plaintiff shall file her Motion for Final Approval of the Settlement by no later than **December 7, 2021**.

   c. Plaintiff shall file her Motion for Attorneys' Fees, Costs and Expenses, and Motion for Incentive Awards by no later than **December 7, 2021**.

   d. Settlement Class Members must file any objections to the Settlement and the Motion for Attorneys' Fees, Costs, and Expenses, and/or the Motion for Incentive Awards by no later than **December 21, 2021**.

   e. Settlement Class Members must exclude themselves, or opt-out, from the Settlement by no later than **December 21, 2021**.

   f. Settlement Class Members who intend to appear at the Final Fairness Hearing must file a Notice of Intention to Appear at the Final Fairness Hearing by no later than **December 21, 2021**.

   g. The Notice Administrator shall file: (a) a list of those persons who have opted out or excluded themselves from the Settlement; (b) the details outlining the scope, methods, and results of the notice program; and (c) compliance with the obligation to give notice to each appropriate State and Federal official, as specified in 28 U.S.C. § 1715, and any other applicable statute, law or rule, including, but not limited to, the Due Process Clause of the United States Constitution by no later than **January 4, 2022**.

14

h. Class Counsel and Defendants shall have the right to submit supplemental briefing and respond to any objections no later than **January 4, 2022**.

i. The Fairness Hearing will take place on **January 11, 2022 at 9:30 a.m.** at the United States District Court for the Western District of New York, 100 State Street, Rochester, New York 14614.

**SO ORDERED**

DATED: September 23, 2021

Honorable Mark W. Pedersen
United States Magistrate Judge

15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

### (ROCHESTER DIVISION)

| | |
|---|---|
| **MEGAN HOLVE, individually and on behalf of all others similarly situated,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**MCCORMICK & COMPANY, INC. a Maryland Corporation,**<br><br>       **Defendant.** | **CIVIL ACTION NO. 6:16-cv-06702 (FPG)** |

## EXHIBIT D

1. McCormick Perfect Pinch Fiesta Citrus Seasoning;





2. McCormick Perfect Pinch Mexican Seasoning;









3.  McCormick Perfect Pinch Rotisserie Chicken Seasoning;





4.  McCormick Perfect Pinch Southwest Seasoning;







5.   McCormick Perfect Pinch Roasted Garlic and Bell Pepper Seasoning;





6.   McCormick Perfect Pinch Savory All Purpose;



7.  McCormick Gourmet Bourbon Spiced Pork – Recipe and Seasoning Mix;



8. McCormick Gourmet Creamy Parmesan and Sun Dried Tomato Penne – Recipe and Seasoning Mix



9. McCormick Gourmet Garlic & White Wine Chicken Scaloppine – Recipe and Seasoning Mix;



10. McCormick Gourmet Herbes de Provence Chicken and Potatoes – Recipe and Seasoning Mix;



11. McCormick Gourmet Smoked Paprika Chicken Taco – Recipe and Seasoning Mix; and



12. McCormick Gourmet Smoked Sausage & Pepper Creole Jambalaya – Recipe and Seasoning Mix.

