**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**
**(ROCHESTER DIVISION)**

| | |
|---|---|
| MEGAN HOLVE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>– against –<br><br>MCCORMICK & COMPANY, INC.,<br><br>Defendant. | Civil Action No. 6:16-cv-6702-FPG-MWP |

**DECISION AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS, AWARDING ATTORNEYS' FEES AND SERVICES AWARD, AND ENTERING FINAL JUDGMENT**

On the 11th day of January 2022, the Court held a hearing to determine: (a) whether the Stipulation of Class Action Settlement Agreement ("Settlement Agreement") should be granted final approval as fair, reasonable, and adequate; (b) whether the proposed class should be finally certified; (c) whether Class Counsel's application for attorneys' fees and expenses and a service award for Plaintiff should be granted; and (d) whether a judgment granting approval of the Settlement Agreement and dismissing the Action with prejudice should be entered.

The parties consented to proceed before the undersigned and the Honorable Frank P. Geraci, Jr. referred this matter to the undersigned pursuant to 28 U.S.C. § 636(c) to conduct all proceedings and enter a final order with respect to the parties' Unopposed Motion for Class Action Settlement. (ECF No. 51.)

Having duly considered all papers filed and arguments presented, THE COURT HEREBY ORDERS and ADJUDGES as follows:

1.      Unless defined herein, all defined terms in this Final Approval Order and accompanying Judgment shall have the respective meanings set forth in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order on September 23, 2021 (ECF No. 52).

**Notice**

4.       Notice was published under the terms of the Preliminary Approval Order, including, but not limited to, posting of the notice of settlement and class procedure on October 22, 2021, on the following website devoted to the case: https://www.mccormicksettlement.com/. (Decl. of Steven Weisbrot at 3–4, ECF No. 57–3.) Notice of the final approval hearing was also posted on the foregoing website. In addition, the Court published notice of the final approval hearing on its docket on September 23, 2021. (ECF No. 52). Futher, the Court granted a request for the final approval hearing of the class action settlement to proceed remotely and indicated that parties who wished to review the proceeding could contact Chambers at pedersen@nywd.uscourts.gov for remote connection information.

5.      The Court has determined that the Notice given to the Settlement Class, in accordance with the Notice Plan in the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal

Rule of Civil Procedure 23, and all applicable law.

6.     The Settlement Class Members received notice of (a) the pendency of the Action; (b) the terms of the proposed Settlement Agreement, including the Release; (c) their rights under the proposed Settlement; (d) their right to exclude themselves from the Settlement Class and the proposed Settlement; (e) their right to object to any aspect of the proposed Settlement Agreement; (f) their right to appear at the Final Approval Hearing; (g) Class Counsel's request for attorneys' fees and expenses and an incentive award to the Class Representative; and (h) the binding effect of this Final Approval Order and Judgment on all Persons who did not timely exclude themselves from the Settlement Class.

7.     The Court finds also finds that the appropriate state and federal officials were timely notified of the Settlement under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715 and that ninety (90) days have passed without comment or objection from any governmental entity.

**<u>Approval of the Settlement</u>**

8.     The Court grants final approval to the proposed Settlement.

9.     Factors supporting the grant of final approval to this settlement include:

    a. The Action was contested, and the Settlement Agreement was the product of arms' length negotiations among experienced counsel, with no evidence of collusion;

    b. If the Action advanced, it would be expensive and time consuming;

    c. The reaction of the Class was overwhelmingly positive. There were no opt outs or objections;

    d.  The Parties have exchanged sufficient information to assess the strengths and weaknesses of their respective claims and defenses;

    e.  Plaintiff faces risk in establishing liability, maintaining certification of a litigation class and establishing damages; and

    f.  The amount of the Settlement is reasonable given the strengths and weaknesses of the case.

10.    The Court has not received any objections regarding the Settlement. It is well-settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy. *Rodriguez v. It's Just Lunch International*, Case No. 07-cv-09227, 2020 WL 1030983, at *4 (S.D.N.Y. March 2, 2020). Regardless, based on the Court's own review of the Settlement and the implementation of the Notice Plan, the Court finds there are no deficiencies with the Settlement.

11.    The Court also held a hearing on January 11, 2022, at which time the Parties and Settlement Class Members were afforded the opportunity to be heard in support of or in opposition to the Settlement. No Settlement Class Members appeared for the hearing. The Court received three requests by individuals to participate in the hearing and provided each individual with the information to appear via Zoom. However, no one appeared for the hearing.

12.    The Court finds the terms and provisions of the Settlement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members. Accordingly, the Court hereby directs that the

Settlement shall be effected in accordance with the terms of the Settlement Agreement (all of which terms and definitions are adopted and incorporated herein by reference).

13.     The terms of the Settlement Agreement, and of this Final Approval Order and Judgment, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members who did not timely exclude themselves from the Settlement Class, as well as their heirs, executors, and administrators, successors, and assigns.

14.     The Parties, the Settlement Administrator (Angeion Group), and the Funding Institution (Western Alliance Bank) are ordered to implement the terms and conditions of the Settlement Agreement, including payment to all Settlement Class Members who submit a timely, valid Claim pursuant to the Settlement Agreement, and to implement the terms of the injunctive relief agreed to in the Stipulation of Settlement.

**Class Certification**

15.     The Court finds, for purposes of effectuating this Settlement, that the prerequisites for a class action under Federal Civil Procedure Rules 23(a) and (b)(3) have been satisfied in that:

(a) the number of Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Class;

(c) the claims of the Court-appointed Class Representatives are typical of the

claims of the Class they represent;

(d) the Class Representative has and will continue to fairly and adequately represent the interests of the Class;

(e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class;

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

(g) the class is ascertainable because the membership can be determined with reference to objective criteria, *i.e.*, whether a Class Member bought the Products at issue.

16.     The Court grants final certification for purposes of settlement to the proposed Settlement Class, defined as:

> All persons and entities who, during the Class Period, both resided in the United States, including, but not limited to its territories, and purchased in the United States any of the Defendant Products for their household use or personal consumption and not for resale.   Excluded from the Settlement Class are: (a) Defendant's board members or executive-level officers, including its attorneys;  (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

17.     Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such Persons who satisfy the Class definition above are Settlement Class Members bound by this Judgment.

18.     The Court reaffirms the appointment of Plaintiff Megan Holve as Class Representative and finds that she has adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

19.     The Court reaffirms the appointment of REESE LLP, 100 West 93rd Street, 16th Floor, New York, New York 10025, and EGGNATZ PASCUCCI, P.A., 7450 Griffin Road, Suite 230, Davie, Florida 33314 as counsel for the Settlement Class.

20.     The Court finds that these lawyers are competent and capable of exercising their responsibilities as Class Counsel, and finds that Class Counsel has adequately represented the Settlement Class in this Action and for purposes of entering into and implementing the Settlement Agreement.

**Counsel Fees**

21.     The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class.

22.     The Court grants Class Counsel's motion for attorney's fees in the amount of $996,373.92.

23.     Factors supporting the grant of fees include, but are not limited to:

   a.  The time and labor expended by Class Counsel on behalf of the Class;

   b.  The magnitude, complexity, and risks of the Action;

   c.  The results achieved in this Settlement including both monetary and injunctive relief;

   d.  The quality of the representation;

7

    e.  The contingent nature of the fee;

    f.  The reasonableness of the requested fee under both the percentage method and the lodestar cross-check; and

    g.  The value of the Action to the public.

## Expenses

24.    The Court grants Class Counsel's request for reimbursement of expenses in the amount of $3,626.08.

25.    The expenses incurred by Class Counsel were advanced with no guarantee of recovery and were required to prosecute the case.

## Service Award

26.    The Court grants Plaintiff's request for a service award in the amount of $5,000 for Megan Holve as Class Representative.

27.    Plaintiff served as adequate class representative and performed work on behalf of the absent Class Members.

28.    The Fees and Expense Award and Plaintiff's Service Award shall be paid by Defendant, via the Fund Institution, pursuant to the timetable set forth in the Settlement Agreement.

## Final Judgment

29.    Finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the Clerk is hereby directed to enter this Judgment forthwith.

30.    This Action (and any and all claims asserted herein at any time) is dismissed in its entirety, on the merits, with prejudice and without leave to amend,

with each Party to bear his/her/its own costs and attorneys' fees (except as otherwise expressly provided herein). All Settlement Class Members who did not timely and properly execute and submit a Request for Exclusion shall be forever barred and permanently enjoined from starting, continuing, or participating in, litigating, or receiving any benefits or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order based on or relating to the claims, facts, or circumstances in this Action and/or the Released Claims except claims relating to the enforcement of the Settlement.   The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Final Approval Order and Judgment.

31.   The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Settlement Agreement, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the rights of Class Members under the Settlement.

**SO ORDERED**

DATED: January 11, 2022

Honorable Mark W. Pedersen
United States Magistrate Judge